THE ATTORNEY GENERAL HAS RECEIVED YOUR LETTER ASKING FOR AN OPINION ADDRESSING IN EFFECT, THE FOLLOWING QUESTION:
 MAY A SECRETARY/BAILIFF SIMULTANEOUSLY HOLD THE POSITION OF COUNTY JUVENILE OFFICER WITHOUT VIOLATING THE DUAL OFFICE HOLDING PROHIBITIONS OF 51 O.S. 6 (1990)?
THE ATTORNEY GENERAL HAS ASKED THAT I RESPOND TO YOUR REQUEST INFORMALLY, INASMUCH AS THE QUESTION CAN BE ANSWERED BY REFERENCE TO CLEARLY CONTROLLING STATUTES, CASE LAW AND OPINIONS, MAKING A FORMAL OPINION NEITHER DESIRABLE OR NECESSARY. THE DISCUSSION THAT FOLLOWS IS THEREFORE THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
YOUR QUESTION AS SET FORTH RAISES THE THRESHOLD QUESTION OF WHETHER THE POSITIONS OF SECRETARY/BAILIFF AND JUVENILE OFFICER ARE OFFICES WITHIN THE MEANING OF "OFFICE" IN 51 O.S. 6, WHICH PROVIDES:
 "A. EXCEPT AS MAY BE OTHERWISE PROVIDED, NO PERSON HOLDING AN OFFICE UNDER THE LAWS OF THE STATE AND NO DEPUTY OF ANY OFFICER SO HOLDING ANY OFFICE, SHALL, DURING HIS TERM OF OFFICE, HOLD ANY OTHER OFFICE OR BE THE DEPUTY OF ANY OFFICER HOLDING ANY OFFICE, UNDER THE LAWS OF THE STATE.
* * *"
THE PROHIBITIONS OF 6 APPLY ONLY WHERE BOTH POSITIONS ARE "PUBLIC OFFICES," OR OFFICES "UNDER THE LAWS OF THE STATE." A.G. OPIN. 75-196. IF EVALUATION OF THE POSITIONS OF SECRETARY/BAILIFF AND COUNTY JUVENILE OFFICER SHOWS EITHER IS NOT AN "OFFICE, THEN 51 O.S. 6 WILL NOT PROHIBIT ONE PERSON HOLDING BOTH POSITIONS OF EMPLOYMENT.
THE SEMINAL CASE IN OKLAHOMA FOR THE DEFINITION OF A "PUBLIC OFFICE" IS GUTHRIE DAILY LEADER V. CAMERON,41 P. 635 (OKLA.1895). THE COURT QUOTED WITH APPROVAL:
 "A PUBLIC OFFICE IS THE RIGHT, AUTHORITY, AND DUTY, CREATED AND CONFERRED BY LAW, BY WHICH, FOR A GIVEN PERIOD, EITHER FIXED BY LAW OR ENDURING AT THE PLEASURE OF THE CREATING POWER, AN INDIVIDUAL IS INVESTED WITH SOME PORTION OF THE SOVEREIGN FUNCTIONS OF THE GOVERNMENT, TO BE EXERCISED FOR THE BENEFIT OF THE PUBLIC. THE PERSON WHO INVESTED IS A PUBLIC OFFICER.
* * *
THE MOST IMPORTANT CHARACTERISTIC WHICH DISTINGUISHES AN OFFICE FROM AN EMPLOYMENT OR CONTRACT IS THAT THE CREATION AND CONFERRING OF AN OFFICE INVOLVES A DELEGATION TO THE INDIVIDUAL OF SOME OF THE SOVEREIGN FUNCTIONS OF GOVERNMENT, TO BE EXERCISED BY HIM FOR THE BENEFIT OF THE PUBLIC; THAT SOME PORTION OF THE SOVEREIGNTY OF THE COUNTRY, EITHER LEGISLATIVE, EXECUTIVE, OR JUDICIAL, ATTACHES FOR THE TIME BEING, TO BE EXERCISED FOR THE PUBLIC BENEFIT. UNLESS THE POWERS CONFERRED ARE OF THIS NATURE, THE INDIVIDUAL IS NOT A PUBLIC OFFICER."
IN OKLAHOMA CITY V. CENTURY INDEMNITY CO., 62 P.2D 94, (OKLA.1936), THE SUPREME COURT FURTHER DISCUSSED THE DEFINITION OF "PUBLIC OFFICE":
 MANY AUTHORITIES HOLD THAT THE CHIEF ELEMENTS OF A PUBLIC OFFICE ARE: (A) THE SPECIFIC POSITION MUST BE CREATED OR AUTHORIZED BY LAW; (B) THERE MUST BE CERTAIN DUTIES IMPOSED BY LAW ON THE INCUMBENT; AND (C) THEY MUST INVOLVE THE EXERCISE OF SOME PORTION OF THE SOVEREIGN POWER, "A POSITION WHICH HAS THESE THREE ELEMENTS IS PRESUMABLY AN 'OFFICE,' WHILE ONE WHICH LACK ANY OF THEM IS MERE "EMPLOYMENT."'
THE POSITION OF SECRETARY/BAILIFF, 20 O.S. 125 (1990), HAS NO DUTIES SPECIFICALLY PRESCRIBED BY STATUTE. THE ATTORNEY GENERAL HAS CONSISTENTLY HELD THE OPINION THAT POSITIONS THAT ARE CLERICAL IN NATURE ARE MERELY EMPLOYMENT AND NOT AN OFFICE FOR THE PURPOSES OF 51 O.S. 6 (1990). A.G. OPIN. NOS. 83-177 (SECRETARIAL STAFF TO A MEMBER OF THE HOUSE OF REPRESENTATIVES), 74-130 (SECRETARY TO DISTRICT ATTORNEY), 73-237 (CLERK TO BOARD OF COUNTY COMMISSIONERS), AND 69-279 (SECRETARY TO AN ASSOCIATE DISTRICT JUDGE). WHILE THE POSITION OF SECRETARY/BAILIFF SATISFIES THE FIRST TWO ELEMENTS OF A PUBLIC OFFICE IN OKLAHOMA CITY V. CENTURY INDEMNITY CO., SUPRA, (A) IT IS CREATED BY LAW, AND (B) THE LAW IMPOSES CERTAIN DUTIES ON THE HOLDER OF THE POSITION, E.G., 21 O.S. 390 (1981) (GIVING OATH AND ACCEPTING COMMITMENT OF JURY IN CRIMINAL TRIALS), THE POSITION DOES NOT SATISFY THE THIRD CONDITION. THE POSITION OF SECRETARY/BAILIFF DOES NOT INVOLVE THE EXERCISE OF SOME PORTION OF THE SOVEREIGN POWER.
A COUNTY JUVENILE OFFICER, 10 O.S. 1505, HAS BEEN RECOGNIZED BY THE ATTORNEY GENERAL TO BE AN OFFICE UNDER THE LAWS OF THIS STATE AND TO FALL WITHIN 51 O.S. 6 IN A.G. OPIN. NO. 67-184 (ONE PERSON CAN NOT HOLD THE OFFICE OF COUNTY JUVENILE OFFICER AND OF DEPUTY SHERIFF).
ALTHOUGH ONE PERSON COULD BE EMPLOYED AS BOTH A SECRETARY/BAILIFF AND AS A COUNTY JUVENILE OFFICER WITHOUT VIOLATION OF 51 O.S. 6, YOU SHOULD NOTE THAT ARTICLE II, SECTION 11 OF THE OKLAHOMA CONSTITUTION READS IN PERTINENT PART:
 "EVERY PERSON ELECTED OR APPOINTED TO ANY OFFICE OR EMPLOYMENT OF TRUST OR PROFIT UNDER THE LAWS OF THIS STATE, OR UNDER ANY ORDINANCE OF ANY MUNICIPALITY THEREOF, SHALL GIVE PERSONAL ATTENTION TO THE DUTY OF THE OFFICE TO WHICH HE IS ELECTED OR APPOINTED . . ."
DUAL EMPLOYMENT IN TWO POSITIONS DURING CONTEMPORANEOUS HOURS NECESSARILY CONSTITUTE A VIOLATION OF THE OKLAHOMA CONSTITUTION. A.G. OPIN. NO. 75-146. BEFORE THE LEGISLATURE COMBINED THE OFFICE OF BAILIFF WITH THE POSITION OF SECRETARY IN 1989, LAWS 1989, C. 275, 1, EFF. OCT. 1, 1989, NOW CODIFIED AT 20 O.S. 125 (1990), THE ATTORNEY GENERAL GAVE AN OPINION THAT IT WAS A VIOLATION OF ARTICLE II, SECTION 11 FOR A PERSON TO HOLD THE OFFICE OF BAILIFF WHILE EMPLOYED AS A SECRETARY OF AN ASSOCIATE DISTRICT JUDGE:
 "THESE HOURS OF EMPLOYMENT FOR A SECRETARY WOULD BE SOME OF THE SAME HOURS WHEN SUCH JUDICIAL OFFICER MIGHT NEED A BAILIFF IN ATTENDANCE UPON HIS COURT. IT FOLLOWS, THEN THAT THE SAME PERSON HOLDING BOTH EMPLOYMENT AS A SECRETARY TO THE ASSOCIATE DISTRICT JUDGE AND THE OFFICE OF BAILIFF TO THE COURT OVER WHICH THAT JUDGE PRESIDES COULD NOT GIVE PERSONAL ATTENTION TO THE DUTIES OF BOTH THE POSITION AND THE OFFICE." A.G.OPIN. 69-279.
THE COUNTY JUVENILE OFFICER IS AN OFFICE AND THE POSITION OF SECRETARY/BAILIFF IS A POSITION OF EMPLOYMENT OF TRUST OR PROFIT UNDER THE LAWS OF THIS STATE; THUS BOTH FALL WITHIN THE PROVISIONS OF ARTICLE II, S 11, AND EACH CALL FOR THE PERSONAL ATTENTION TO THE DUTY OF ITS OFFICE. ONE PERSON CANNOT HOLD BOTH POSITIONS FULL-TIME AND DURING CONTEMPORANEOUS HOURS.
YOU MIGHT ALSO CONSIDER THE APPLICATION OF 74 O.S. 4241:
"NO STATE EMPLOYEE SHALL:
* * *
 6. ACCEPT OR SOLICIT OTHER EMPLOYMENT WHICH WOULD IMPAIR HIS INDEPENDENCE OF JUDGMENT IN THE PERFORMANCE OF HIS PUBLIC DUTIES. DUAL EMPLOYMENT DURING CONTEMPORANEOUS HOURS WOULD NOT BE IN COMPLIANCE WITH THIS PROVISION."
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED ATTORNEY THAT ONE PERSON HOLDING THE POSITION OF SECRETARY/BAILIFF, 20 O.S. 125, AND THE OFFICE OF COUNTY JUVENILE OFFICER, 10 O.S. 1505, IS NOT A VIOLATION OF 51 O.S. 6, BUT WHEN THE HOURS OF WORK FOR BOTH POSITIONS ARE CONTEMPORANEOUS, THERE IS A VIOLATION OF ARTICLE II, SECTION 11 OF THE OKLAHOMA CONSTITUTION, AND OF 74 O.S. 4241. THIS IS NOT TO SAY, HOWEVER, THAT THE HOURS OF EMPLOYMENT COULD NOT BE ADJUSTED IN SUCH A MANNER THAT ONE PERSON COULD HOLD BOTH POSITIONS DURING DIFFERENT HOURS. FOR EXAMPLE, THE PERSON COULD HOLD THE SECRETARY/BAILIFF POSITION FOR TWO (2) HOURS A DAY, RECEIVING FOR SUCH TWENTY-FIVE PERCENT (25%) OF THE COMPENSATION FOR A SECRETARY/BAILIFF, AND THE OFFICE OF COUNTY JUVENILE OFFICER FOR SIX (6) HOURS A DAY, RECEIVING FOR SUCH SEVENTY-FIVE PERCENT (75%) OF THE COMPENSATION FOR A COUNTY JUVENILE OFFICER. (DUAL OFFICE HOLDING)
(ROBERT WHITTAKER)